**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | NO. 2:20-cr-00045-GAM |
| | JUDGE MCHUGH |
| v. | |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | |
| Defendants | |

**PROPOSED ORDER**

**AND NOW**, this _____ day of _____, 2020, after consideration of Defendants

Kenyatta Johnson and Dawn Chavous' Joint Motion For Severance Pursuant to Federal Rule of

Criminal Procedure 14(a), it is hereby **ORDERED** that the Motion is **GRANTED**.


BY THE COURT:


_____
Honorable Gerald Austin McHugh
U.S. District Court Judge

Active\114175760.v1-9/14/20

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | NO. 2:20-cr-00045-GAM |
| | JUDGE MCHUGH |
| v. | |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | |
| Defendants | |

## DEFENDANTS KENYATTA JOHNSON AND DAWN CHAVOUS' JOINT MOTION FOR SEVERANCE

Pursuant to Federal Rules of Criminal Procedure 14(a), Defendants Kenyatta Johnson ("Councilmember Johnson") and Dawn Chavous ("Ms. Chavous"), by and through their undersigned counsel, hereby move this Honorable Court to sever their cases from Defendants Abdur Rahim Islam ("Mr. Islam") and Shahied Dawan ("Mr. Dawan"). In support of this motion, Councilmember Johnson and Ms. Chavous aver as follows:

1.      Councilmember Johnson is a sitting Philadelphia City Councilmember for the Second District. Ms. Chavous is the former Chief of Staff of a State Senator; she currently owns and runs Chavous Consulting, LLC, a company that provides issue advocacy, event planning, and strategic planning.

2.      Councilmember Johnson and Ms. Chavous have been charged with two counts of Honest Services Wire Fraud pursuant to 18 U.S.C. §§ 1343 and 1346.

3.      In the same Indictment, the Government also charged Mr. Islam and Mr. Dawan, the former CEO and CFO of Philadelphia education management and development

non-profit Universal Companies ("Universal"), with twenty-two and sixteen counts respectively. Those counts include racketeering conspiracy (18 U.S.C. § 1962(d)), honest services wire fraud (18 U.S.C. §§ 1343 and 1346), use of an interstate facility to further racketeering (18 U.S.C. §1952(a)(3)), wire fraud (18 U.S.C. § 1343), and false tax returns (26 U.S.C. § 7206(2)).

4.    The Government has improperly joined counts charging Mr. Islam and Mr. Dawan with the charges against Councilmember Johnson and Ms. Chavous.

5.    Severance is particularly appropriate here because the Government intends to try Mr. Islam and Mr. Dawan on honest services wire fraud charges related to their alleged bribery of Michael Bonds ("Mr. Bonds"), a public official in Milwaukee.

6.    The jury will be highly confused and extremely prejudiced by the evidence pertaining to the alleged bribery of Mr. Bonds. It is anticipated he will testify against Mr. Islam and Mr. Dawan and admit to his own criminal activity. The similarity between the actions of Mr. Bonds, and the unsubstantiated allegations against Councilmember Johnson and Ms. Chavous will prejudice them unfairly and deny them their due process right to a fair trial.

7.    The voluminous amount of evidence presented in relation to the counts that are unrelated to Councilmember Johnson and Ms. Chavous will be impossible for the jury to compartmentalize. It will lead to juror confusion and a potentially unfair verdict.

8.    The prejudice caused by trial of these matters together will be so great that limiting and cautionary instructions will be insufficient to overcome it.

Active\114175760.v1-9/14/20

Accordingly, Councilmember Johnson and Ms. Chavous respectfully request that the Court grant their Joint Motion for Severance Pursuant to Federal Rule of Criminal Procedure 14(a).  In support thereof, Councilmember Johnson and Ms. Chavous rely upon the attached Memorandum of Law, which is incorporated herein by reference.

Dated:  September 14, 2020                    Respectfully submitted,


                                              */s/ Patrick J. Egan*
                                              Patrick J. Egan
                                              Kristina Neff Burland
                                              **Fox Rothschild LLP**
                                              2000 Market Street, 20th Floor
                                              Philadelphia, PA  19103-3222
                                              Phone:  (215) 299-2000
                                              Fax:  (215) 299-2150

                                              *Attorneys for Defendant Kenyatta Johnson*

                                              */s/ Barry Gross*
                                              Barry Gross
                                              Jessie D. Shields
                                              **FAEGRE DRINKER BIDDLE & REATH LLP**
                                              One Logan Square, Suite 2000
                                              Philadelphia, PA  19103-6996
                                              Phone:  (215) 988-2700
                                              Fax:  (215) 988-2757

                                              *Attorneys for Defendant Dawn Chavous*

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | NO. 2:20-cr-00045-GAM |
| | JUDGE MCHUGH |
| v. | |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | |
| Defendants | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS KENYATTA JOHNSON AND DAWN CHAVOUS'
### JOINT MOTION FOR SEVERANCE

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................ 1

II.    FACTUAL BACKGROUND......................................................................... 2

III.   LEGAL ARGUMENT.................................................................................. 3

       A.    Joinder is Improper Under Federal Rule of Criminal Procedure 8(b) ................... 3

       B.    Severance Is Appropriate Where A Joint Trial Presents Clear And Substantial Prejudice To A Defendant.................................................................. 4

       C.    Granting Severance to Ensure a Fair Trial Is Within the Sound Discretion of The District Court............................................................................................... 6

       D.    Councilmember Johnson and Ms. Chavous' Charges Should Be Severed From The Other Defendants to Prevent Prejudicial Spillover............................... 7

IV.   CONCLUSION............................................................................................. 9

Active\114175760.v1-9/14/20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kotteakos v. United States*,
    328 U.S. 750 (1946)..............................................................................................5

*Metheany v. United States*,
    365 F.2d 90 (9th Cir. 1966) ................................................................................5

*U.S. v. Jimenez*,
    513 F.3d 62 (3d Cir. 2008)...................................................................................3

*United States v. Andrews*,
    754 F. Supp. (N.D. Ill 1990) ...............................................................................7

*United States v. Boscia*,
    573 F.2d 827 (3d Cir. 1978).................................................................................7

*United States v. Delatorre*,
    522 F. Supp. 2d 1034 (N.D. Ill. 2007)................................................................7

*United States v. Dobson*,
    No. 02-616-06, 2003 WL 22427984 (E.D. Pa. Aug. 18, 2003)............................7

*United States v. Eufrasio*,
    935 F.2d 552 (3d Cir. 1991).................................................................................4

*United States v. Gatto*,
    746 F. Supp. 432 (D.N.J. 1990) .......................................................................4, 5

*United States v. Gray*,
    173 F. Supp. 2d 1 (D.D.C. 2001) ........................................................................7

*United States v. Leach*,
    429 F.2d 956 (8th Cir. 1970) ...............................................................................5

*United States v. Sebetich*,
    776 F.2d. 412 (3d Cir. 1985)................................................................................6

*United States v. Urban*,
    404 F.3d 754 (3d Cir. 2005).................................................................................5

*United States v. Ward*,
    793 F.2d 551 (3d Cir. 1986).................................................................................4

ii

*Zafiro v. United States*,
   506 U.S. 534 (1993)..................................................................................4, 5, 7, 8

**Statutes**

18 U.S.C. § 1343....................................................................................................1

18 U.S.C. §§ 1343 and 1346..................................................................................1

18 U.S.C. §1952(a)(3)............................................................................................1

18 U.S.C. § 1962(d)...............................................................................................1

26 U.S.C. § 7206(2)...............................................................................................1

Comprehensive Drug Abuse Prevention and Control Act.......................................5, 6

RICO...................................................................................................................2, 3

**Other Authorities**

Federal Rule of Criminal Procedure 8(b).................................................................3

Federal Rule of Criminal Procedure 14(a)..............................................................4

Rule 8(a)...............................................................................................................3

Rule 14.................................................................................................................5

Active\114175760.v1-9/14/20

## I.    <u>INTRODUCTION</u>

The Government has filed a twenty-two count Racketeering Indictment against Defendants Rahim Islam ("Mr. Islam") and Shahied Dawan ("Mr. Dawan"), the former CEO and CFO of Philadelphia education management and development non-profit Universal Companies ("Universal"). Buried in that voluminous indictment are two counts of Honest Services Wire Fraud pursuant to 18 U.S.C. §§ 1343 and 1346 against sitting Philadelphia Councilmember for the Second District, Kenyatta Johnson ("Councilmember Johnson") and his spouse, Dawn Chavous ("Ms. Chavous").

The Indictment improperly joins the two counts against Councilmember Johnson and Ms. Chavous with the wholly unrelated counts charging Mr. Islam and Mr. Dawan with racketeering conspiracy (18 U.S.C. § 1962(d)), honest services wire fraud (18 U.S.C. §§ 1343 and 1346), use of an interstate facility to further racketeering (18 U.S.C. §1952(a)(3)), wire fraud (18 U.S.C. § 1343), and false tax returns (26 U.S.C. § 7206(2)).   Severance is necessary here because the vast scope and nature of the unrelated charges against Mr. Islam and Mr. Dawan will lead to an unfairly prejudicial trial for Councilmember Johnson and Ms. Chavous.

Severance is particularly appropriate here because the Government intends to try Mr. Islam and Mr. Dawan on wire fraud charges related to their alleged bribery of Michael Bonds ("Mr. Bonds"), a public official in Milwaukee. Mr. Bonds has already pled guilty. It is anticipated that he will testify against Mr. Islam and Mr. Dawan at trial.  Even though there is no evidence connecting Councilmember Johnson and Ms. Chavous with their co-defendants' activities concerning Mr. Bonds, the similarity of the conduct involving him and the allegations against Councilmember Johnson and Ms. Chavous will cause insurmountable unfair prejudice.

The highly prejudicial and completely unrelated evidence pertaining to Mr. Islam and Mr. Dawan's activities in Milwaukee is inadmissible against Councilmember Johnson and Ms.

Chavous. There is no evidence they had any knowledge of those activities, let alone any involvement in them. The only purpose of admitting such evidence in the trial of Councilmember Johnson and Ms. Chavous would be to prejudice them by tainting them with the wholly unrelated actions of Mr. Islam and Mr. Dawan. No limiting instruction would be sufficient to overcome this unfair prejudice.

In addition to the unfairly prejudicial evidence related to Mr. Bonds, Councilmember Johnson and Ms. Chavous anticipate that the Government will present a significant amount of evidence regarding other issues completely unrelated to their charges. This evidence will include numerous witnesses and documents offered to prove that Mr. Islam reimbursed himself from Universal funds for personal expenses and failed to report those reimbursements as income on his tax returns. There is no conceivable argument that any of this evidence relates to or implicates Councilmember Johnson or Ms. Chavous. The introduction of this evidence into Councilmember Johnson and Ms. Chavous' trial will result in unfair prejudice and juror confusion.  Accordingly, the trial of Councilmember Johnson and Ms. Chavous should be severed from trial of the other defendants.

## II.    <u>FACTUAL BACKGROUND</u>

The Government has charged all four defendants in a forty-three page, twenty-two count Indictment that encompasses a wide range of alleged crimes centered around the activities of Mr. Islam, the former CEO of Universal. The counts include a twenty-seven page RICO charge against Mr. Islam and Mr. Dawan in which Councilmember Johnson and Ms. Chavous, while referenced, are not charged. The Indictment also includes myriad other charges that do not reference or in any way involve Councilmember Johnson or Ms. Chavous. Most significant to the instant motion, and most troubling by far, are allegations pertaining to an alleged scheme to commit honest services fraud that took place in the Eastern District of Wisconsin. That scheme, which comprises seven of

2

the counts in the Indictment and takes up many pages of the RICO charge, was unknown to Councilmember Johnson and Ms. Chavous and unrelated to the two counts asserted against them.

By contrast, the allegations against Councilmember Johnson and Ms. Chavous are limited and easily summarized in a few paragraphs. As set forth in greater detail in the Joint Motion to Dismiss Counts Nine and Ten of the Indictment (the "Motion to Dismiss") filed on September 14, 2020, (ECF No. Dkt. No. 45), which is expressly incorporated by reference herein, the Indictment alleges that Universal hired Chavous Consulting, LLC ("Chavous Consulting"), a consulting company owned by Ms. Chavous, as a means of benefiting Councilmember Johnson in exchange for Councilmember Johnson engaging in official acts favorable to Universal. *See* Motion to Dismiss at 3–6. Specifically, the Indictment avers that Councilmember Johnson performed official acts in relation to two properties owned by Universal (that is, the Royal Theater and property located at 1309 –1313 Bainbridge Street)). *See id.*

III.   **LEGAL ARGUMENT**

A.   **Joinder is Improper Under Federal Rule of Criminal Procedure 8(b)**

Federal Rule of Criminal Procedure 8(b) allows an indictment to "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Joinder of defendants is held to a stricter standard than joinder of counts against a single defendant under Rule 8(a). *U.S. v. Jimenez*, 513 F.3d 62, 83 (3d Cir. 2008). "It is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions.'" *Id.*

The Government has failed to present facts sufficient to show a nexus between the majority of the counts charging Mr. Islam and Mr. Dawan to the counts against Councilmember Johnson

and Ms. Chavous. To begin with, the allegations of tax violations against Mr. Islam clearly have no connection to the alleged conduct of Councilmember Johnson and Ms. Chavous. Equally unrelated are allegations that Mr. Islam used Universal funds to pay numerous personal expenses. Also unrelated and most troubling are the allegations related to honest services wire fraud that took place in the Eastern District of Wisconsin involving Mr. Bonds. It is not enough that the allegations against Councilmember Johnson and Ms. Chavous involve similar conduct. There must be a sufficient nexus to connect the unrelated charges. That is, there must be a transactional nexus connecting Councilmember Johnson and Ms. Chavous' alleged conduct to that of Mr. Islam and Mr. Dawan in those counts. There quite simply is not.

**B.     Severance Is Appropriate Where A Joint Trial Presents Clear And Substantial Prejudice To A Defendant**

Federal Rule of Criminal Procedure 14(a) permits severance where "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." FED. R. CRIM. P. 14(a). Severance is therefore appropriate when a defendant demonstrates "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Gatto*, 746 F. Supp. 432, 446 (D.N.J. 1990) (citing *United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986)).

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). However, "[i]f . . . a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). When determining whether to grant a motion for severance, the trial judge "should balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants." *United States v. Eufrasio*, 935 F.2d 552, 568 (3d Cir. 1991).

4

Sufficient prejudice exists, such severance under Rule 14 is warranted, where a joint trial threatens a specific trial right of the defendants or precludes the jury from making a reliable judgment as to each defendants' guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Urban*, 404 F.3d 754, 775–76 (3d Cir. 2005) (recognizing jury's inability to compartmentalize evidence as grounds for severance); *Gatto*, 746 F. Supp. at 451 (same). Such a risk occurs when the jury hears evidence that is only admissible against some of the defendants, as is the case here. "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Zafiro*, 506 U.S. at 538 (*citing Kotteakos v. United States*, 328 U.S. 750, 774–75 (1946)).

In *United States v. Stafford*, the court granted a motion for severance because there was no factual nexus between the allegations against the movant defendant and the allegations against the four other defendants. 382 F. Supp. 1401, 1403 (E.D. Pa 1974). *Safford* involved a movant that was one of five defendants charged in a seven-count indictment for violation of the Comprehensive Drug Abuse Prevention and Control Act. *Id.* at 1402. The movant argued that "the danger of confusion of evidence and the prejudicial effect of cumulative evidence that may result from a joint trial of similar but unrelated offenses necessitate[d] the severance of his trial from that of the other defendants." *Id.*

Before addressing the severance issue, the court in *Safford* considered whether joinder of the defendant was appropriate in the first place. *Id.* The court explained that "[j]oinder is proper *only* when the conduct upon which each of the counts is based is part of a factually related transaction or series of acts in which all of the defendants participated." *Id.* at 1403 (emphasis added) (citing *United States v. Leach*, 429 F.2d 956 (8th Cir. 1970) and *Metheany v. United States*, 365 F.2d 90 (9th Cir. 1966)).

5

The *Safford* court found there was no factual connection on the face of the indictment between the count against the moving defendant and the other counts in the indictment.  *Id.*  In addition the court found that severance was appropriate based upon the "strong likelihood of confusion of evidence in a joint trial of similar but unrelated crimes . . .  [p]roof of each violation will necessarily be different and not so easily compartmentalized by the jury." *Id.*

The risk of unfair prejudice is even greater here than it was in *Safford*. There is a tremendous risk of confusion and a strong likelihood that the jury will not easily compartmentalize the different evidence. This creates an unfair prejudice for Councilmember Johnson and Ms. Chavous.

Consider, the likely evidence pertaining to the honest services fraud counts in which Councilmember Johnson and Ms. Chavous played no part will include the testimony of an individual who will admit to having accepted bribes from Universal. The allegations against Councilmember Johnson and Ms. Chavous are that her company's engagement was a bribe from Universal. Absent evidence that they knew Universal had engaged in such conduct with Mr. Bonds, any evidence related to its activities in connection with him is irrelevant and highly prejudicial at the trial of Councilmember Johnson and Ms. Chavous.

Even though the Court may give limiting instructions, the instructions will not remedy the unfair prejudice of the jury hearing about evidence and crimes unrelated to the charges against Councilmember Johnson and Ms. Chavous.  Severance is the only proper remedy to guard against the potential for an unfairly prejudicial trial.

**C.     Granting Severance to Ensure a Fair Trial Is Within the Sound Discretion of The District Court**

District courts have inherent authority to control the administration of complex cases. *See United States v. Sebetich*, 776 F.2d. 412, 427 (3d Cir. 1985) ("The trial judge is in the best position

to balance the possible prejudice to a defendant of a joint trial against the concerns of judicial economy."); *United States v. Delatorre*, 522 F. Supp. 2d 1034, 1049 (N.D. Ill. 2007) ("Trial judges have the inherent authority, and duty, to actively manage criminal trials.").  That power extends to decisions to sever criminal trials.  Indeed, federal courts have frequently articulated this standard in the context of motions for severance. *Zafiro*, 506 U.S. at 541; *Andrews*, 754 F. Supp. at 1181 (stating courts are "compelled" to use its "virtually unbounded discretion to grant severance" to "secure simplicity in procedure, [and] fairness in administration").

While the Court may consider the Government's input at this pretrial stage, the Court retains ultimate discretion to craft its severance plan.  *United States v. Andrews*, 754 F. Supp. at 1181 (N.D. Ill 1990)(seeking, in first instance, assistance of Government in devising severance plan and, where Government failed to provide proposal, adopting severance plan attempting to address the unworkable logistics of holding a "mammoth trial" of diverse crimes); *see also United States v. Gray*, 173 F. Supp. 2d 1, 9–10 (D.D.C. 2001) (acknowledging court's reliance on Government in developing severance plan at pre-trial stage based on Government's familiarity with evidence and presentation of witnesses). "[N]o defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." *United States v. Dobson*, No. 02-616-06, 2003 WL 22427984, at *1 (E.D. Pa. Aug. 18, 2003), citing *United States v. Boscia*, 573 F.2d 827, 833 (3d Cir. 1978).

### D.    Councilmember Johnson and Ms. Chavous' Charges Should Be Severed From The Other Defendants to Prevent Prejudicial Spillover

Severance is warranted here because the spillover evidence from the other defendants' charges and the jury's inability to segregate the evidence will unfairly prejudice Councilmember Johnson and Ms. Chavous. Here, there is a strong likelihood that the jury will confuse evidence

Active\114175760.v1-9/14/20

that is only relevant to Mr. Islam and Mr. Dawan with evidence that is relevant to Councilmember Johnson and Ms. Chavous, who are only charged in two counts of the twenty-two count Indictment. Much of the evidence presented against Mr. Islam and Mr. Dawan will be wholly unrelated to Councilmember Johnson and Ms. Chavous. Instead, it will pertain to activities taking place in the Eastern District of Wisconsin, claims of illegal reimbursement of Mr. Islam, and evidence related to Mr. Islam's alleged tax violations.  None of this evidence relates to the charges against Councilmember Johnson or Ms. Chavous.

There is an overwhelming risk that the jury will not be able to compartmentalize evidence admitted solely against Mr. Islam and Mr. Dawan, which will lead to an unfair prejudice against Councilmember Johnson and Ms. Chavous. The Court should not permit the Government to sweep Councilmember Johnson and Ms. Chavous into a broader, overarching conspiracy in the hopes of a more favorable chance to secure a conviction.

The similarity of the allegations involving Mr. Islam's actions concerning Mr. Bonds and the allegations involving Councilmember Johnson and Ms. Chavous creates a significant risk of unfair prejudice. The jury could simply determine that if the actions involving Mr. Bonds were true, the same must be the case for Councilmember Johnson and Ms. Chavous. Absent a joint trial, the evidence related to Mr. Bonds would be inadmissible.

This case presents a perfect example of "multiple defendants [being] tried together in a complex case [where] they have markedly different degrees of culpability" and, therefore, the risk of prejudice is heightened.  *Zafiro*, 506 U.S. at 538.  Only two of the twenty-two counts in the Indictment are applicable to Councilmember Johnson and Ms. Chavous.  The allegations against them can easily and efficiently be severed from the other defendants. Indeed, this is the only way to secure a fair trial for Councilmember Johnson and Ms. Chavous.

8

IV.    **CONCLUSION**

For all the foregoing reasons, Councilmember Johnson and Ms. Chavous respectfully request that the Court grant their Joint Motion for Severance.


Dated:  September 14, 2020                    Respectfully submitted,

                                              */s/ Patrick J. Egan*
                                              Patrick J. Egan
                                              Kristina Neff Burland
                                              **Fox Rothschild LLP**
                                              2000 Market Street, 20th Floor
                                              Philadelphia, PA  19103-3222
                                              Phone:  (215) 299-2000
                                              Fax:  (215) 299-2150

                                              *Attorneys for Defendant Kenyatta Johnson*

                                              */s/ Barry Gross*
                                              Barry Gross
                                              Jessie D. Shields
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              One Logan Square, Suite 2000
                                              Philadelphia, PA  19103-6996
                                              Phone:  (215) 988-2700
                                              Fax:  (215) 988-2757

                                              *Attorneys for Defendant Dawn Chavous*

9

## CERTIFICATE OF SERVICE

I, Patrick Egan, hereby certify that on this day the foregoing Motion of Defendants Kenyatta Johnson and Dawn Chavous for Severance Pursuant to Federal Rule of Criminal Procedure 14(a), the Memorandum of Law in Support thereof, and the corresponding proposed Order were filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary.  Notice of this filing will be sent to all parties by operation of the Notice of Electronic Filing system, and the parties to this action may access this filing through CM/ECF.

Dated:  September 14, 2020                    */s/ Patrick J. Egan*_____
                                             Patrick J. Egan