**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL ACTION** |
| : | No. 20-cr-00045 |
| v. : | |
| : | |
| **ABDUR RAHIM ISLAM** : | |
| **SHAHIED DAWAN** : | |
| **KENYATTA JOHNSON** : | |
| **DAWN CHAVOUS** : | |
| Defendants. : | |

**McHUGH, J.**                                                                                       **January 29, 2021**

## MEMORANDUM

This is a prosecution for alleged financial crimes and political corruption. The Indictment sets forth multiple counts. Defendant Abdur Rahim Islam has filed a motion for an order compelling the Government to produce a bill of particulars. *See* ECF 49. For the reasons below, the motion will be denied.

A bill of particulars is "a formal written statement by the prosecutor providing details of the charges against the defendant." *N. Jersey Media Grp. Inc v. United States,* 836 F.3d 421, 429 (3d Cir. 2016). Its purpose "is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971); *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005).

Mr. Islam seeks a bill of particulars on the grounds that the indictment against him fails to provide sufficient factual information for him to adequately prepare a defense. As to Count One,

1

Mr. Islam requests a bill of particulars "identifying all additional conspirators" known to the grand jury or who may become known, identifying "all other persons employed or associated with the Enterprise" alleged to have been involved in racketeering activity, "identifying the conspirator" with whom Mr. Islam is alleged to have agreed to commit acts of racketeering, "specifying what two acts of racketeering" were agreed upon, and "when, where, and with whom [Mr. Islam] agreed that this conspirator would commit those two acts." Def. Mot. for Bill of Particulars ¶ 2, ECF 49.

As to Count Two through Seven and Counts Nine and Ten, Mr. Islam requests a bill of particulars identifying the individuals alleged to have "knowingly caused to be transmitted and aided and abetted the transmission of" wire communications, the acts allegedly committed by Mr. Islam to have caused or aided and abetted in these wire communications, which subsection of 18 U.S.C. § 2 is alleged to have been violated,[1] and "identifying the principal offender" whom Mr. Islam allegedly aided and abetted. *Id.* ¶ 3.

As to Count Eight, Mr. Islam requests a bill of particulars identifying the "others . . . alleged to have used an email server with the intent to further bribery and extortion," and "when after September 26, 2016, where, against whom, and by what actions" Mr. Islam is alleged to have violated section 1951 of title 18.[2] *Id.* ¶ 4.

As to Counts Eleven through Sixteen, Mr. Islam requests a bill of particulars identifying the others alleged to have participated in the scheme, whether Mr. Islam is alleged to have transmitted a wire communication or "caused" the transmission, whether Mr. Islam is alleged to

---

[1] This seems to be related to the argument in Mr. Islam's Motion to Dismiss (ECF 51) that Count Eight relied on statutory language from 18 USC § 2. Mr. Islam later withdrew this argument. *See* ECF 65.

[2] Mr. Islam's request here is related to the Government's Motion to Correct Clerical Error in Count Eight (ECF 57). I have granted the Government's Motion, and so Mr. Islam's request as to this count is moot.

have acted directly or aided and abetted a principal, who that principal is, and how Mr. Islam is alleged to have personally caused a transmission "by Wells Fargo Bank." *Id.* ¶ 5.

As to Counts Seventeen through Twenty-Two, Mr. Islam requests a bill of particulars "stating under what provision of law or [Mr. Islam's] employment contract . . . the alleged personal expenses should not have been reimbursed," "itemizing all personal expenses" alleged to be unreported income, and the calculations regarding the amount of "total income" on tax returns alleged to be false. *Id.* ¶ 6.

The Government responds that it has provided over three million pages of documents, "along with a detailed index of that production." Gov. Resp. at 37, ECF 56; Tr. Mot. Arg. At 13, ECF 70.  Further, the Government states it "has repeatedly invited defense counsel to come to its offices and inspect more than a dozen boxes of additional documents." *Id.* at 38.  At oral argument before this Court on October 28, 2020, counsel for Mr. Islam agreed that discovery has been "generous" and that he has "no complaints about it."  Tr. at 7. Counsel also acknowledged that when questions have been raised to the Government as to the meaning of any ambiguous language in the Indictment, the Government has provided clarification. *Id.* at 16. Counsel noted that this process does not, of course, serve the same "formal purpose" as a bill of particulars, but agreed that it is appropriate for me to consider as part of my holistic analysis. *Id.*[3] Nonetheless, Mr. Islam contends that the Government has failed to provide necessary information to him in order to prepare his defense.

Fed. R. Crim. P. 7(f) permits the Court to compel the Government to produce a bill of particulars.  Whether to order the Government to produce a bill of particulars rests  within the Court's discretion.  *Addonizio*, 451 F.2d at 64 ("In the final analysis then, the granting of a bill of

---

[3] I note that I also advised Counsel at oral argument that a motion for a bill of particulars may be renewed at a later stage if and when it becomes necessary. Tr. at 16-17.

particulars remains a discretionary matter with the trial court."). There are, however, important principles guiding the Court's decision. On one hand, comments to the Rule note that amendments in 1966 were intended to "encourage a more liberal attitude by the courts towards bills of particulars …" Fed. R. Crim. P. 7, Notes of Advisory Committee on Rules—1966 Amendment. On the other hand, a bill of particulars is not a tool for broad factual discovery. *See United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) ("A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation."). Where the government has provided discovery, courts have found need for a bill of particulars to be greatly reduced. *Urban*, 404 F.3d at 772; *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (affirming denial of motion for bill of particulars because indictment was not vague and "government provided appellant with a large volume of information" such that "[f]ull discovery . . .obviate[d] the need for a bill of particulars.").

I am not persuaded that I should compel the Government to produce a bill of particulars. The Indictment here "informs Defendant of the nature of the charges brought against him" and, together with the extensive discovery, allows him "to adequately prepare his defense." *Urban*, 404 F.3d at 771. Aside from one minor clerical error, *see* note 2, *supra*, the Indictment describes with specificity the dates and conduct alleged for each count. Furthermore, the prosecution has been responsive to defense requests for clarification. Armed with an extensive and detailed Indictment and the Government's discovery production, I am confident Mr. Islam has sufficient information about the Government's allegations to prepare his defense.[4]

---

[4] The Court of Appeals has also observed that, in practical terms, when a bill is required, the prosecution has a strategic incentive to respond as broadly as possible: "Because the government is strictly held to the position taken in a bill of particulars, there is an incentive for the prosecutor to draft the bill in a manner that will enable him or her to retain the greatest amount of freedom and flexibility consistent with the existence of a court order requiring that such a document be filed." *Smith,* 776 F.2d at 1113.

Accordingly, Mr. Islam's Motion for a Bill of Particulars will be denied. An appropriate Order follows.

s/Gerald Austin McHugh
United States District Judge