IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL ACTION** |
| : | **No. 20-cr-00045** |
| **v.** : | |
| : | |
| **ABDUR RAHIM ISLAM** : | |
| **SHAHIED DAWAN** : | |
| **KENYATTA JOHNSON** : | |
| **DAWN CHAVOUS** : | |
| **Defendants.** : | |

**McHUGH, J.**                                                               **January 29, 2021**

## **MEMORANDUM**

This is a prosecution for alleged financial crimes and political corruption. The Indictment sets forth multiple counts. *See* Indictment, ECF 1. In Count Eight, Defendants Islam and Dawan are charged with interstate travel and transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3) (the Travel Act). The Indictment states Defendants violated the law "[o]n or about September 26, 2016, in the Eastern District of Pennsylvania and elsewhere" ECF 1. The Government has moved to correct this as a clerical error, substituting as the correct date "September 26, 2015." *See* Gov. Motion, ECF 57. Mr. Islam argues that this error is fatal to Count Eight of the Indictment, and because no facts have been alleged as to events occurring after September 26, 2016, this Count must be dismissed. *See* ECF 51; ECF 63.

Count Eight itself does not list any overt acts— rather, it incorporates by reference "Paragraphs 1, 2, 4, 5, 6, 9, 8, 12(b), 12(e) through 12(f), 13 through 23, and 55, and Overt Acts 1 through 13 of Count One." *See* ECF 1. As the Government observes, the Overt Acts contained in

the Indictment allege various relevant acts and the dates they were committed in detail. *Id.* For example, Overt Act five alleges that "[o]n or about September 26, 2015" Mr. Islam and non-defendant Mr. Bonds corresponded via email and "relayed instructions . . . crafted by Islam and defendant Shahied Dawan, which included detailed figures and amounts for Bonds to put before the [Milwaukee Board of School Directors] regarding lease deferments favorable to Universal Companies and its Milwaukee operation." ECF 1 at 20. Overt acts six through ten allege that Mr. Bonds took action with the MPS Board, issued a fake invoice to Mr. Islam and Mr. Dawan, and that Mr. Bonds was paid bribes over several months in between these events. *Id.* at 20-22. These acts form the basis of the Travel Act charge in Count Eight. *Id.* at 30. The Overt Acts set forth in Count One, a total of thirteen, do not allege any acts after September 26, 2016.

It is a "settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Bell*, 500 F. App'x 133, 135-36 (3d Cir. 2012). An amendment that is merely a matter of form is permissible in situations where the indictment is "sufficiently detailed that there could have been no confusion as to what the government alleged the defendants had done." *United States v. Nelson*, 852 F.2d 706, 715 (3d Cir. 1988).

Mr. Islam relies upon *United States v. Miller*, which reaffirms the proposition that indictments "cannot be broadened through amendment except by the grand jury itself." 471 U.S. 130, 143 (1985) (quoting *Stirone v. United States*, 361 U.S. 212, 215-16 (1960)). *Miller* recognizes, however, that amendments may be made if they are "merely a matter of form." *Id.* And the Court in *Miller* upheld the defendant's conviction, explaining that where "the indictment was . . . sufficient to allow [him] to plead it in the future as a bar to subsequent prosecutions" "none of [the] 'notice' related concerns— which of course are among the important concerns underlying

the requirement that criminal charges be set out in an indictment" warranted vacating of the conviction. *Id.* at 135.

Here, the Indictment is sufficiently detailed, and there can be no confusion as to what the government has alleged in Count Eight given the incorporation of relevant paragraphs in Count One. Nor would this correction unfairly broaden the scope of criminal liability beyond what was considered by the Grand Jury, because the change in date would conform the Indictment to the time frame otherwise set forth in the charges and allegations. There has been extensive discovery in this case, and as noted by the government, "this date corresponds to a specific, concrete piece of correspondence produced in discovery, not some more abstract event." ECF 57. Because the Government here does not seek to make a substantive amendment, but rather one "merely of form" its motion to correct will be granted. *See Russell*, 369 U.S. at 770.

                          /s/ Gerald Austin McHugh
                          United States District Judge