IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL ACTION** |
| : | **No. 20-cr-00045** |
| **v.** : | |
| : | |
| **ABDUR RAHIM ISLAM** : | |
| **SHAHIED DAWAN** : | |
| **KENYATTA JOHNSON** : | |
| **DAWN CHAVOUS** : | |
| **Defendants.** : | |

## ORDER

This 15th day of March, 2021, for the reasons that follow, it is hereby **ORDERED** that Defendant Shahied Dawan's Motion to Dismiss (ECF 58) is **DENIED**.

Mr. Dawan argues that the Indictment lacks particularity. This case is governed by Federal Rule of Criminal Procedure 7(c). In accordance with that Rule and with circuit precedent, the Indictment details the allegations against Mr. Dawan with the degree of particularity and specificity required. *See United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) (holding an indictment sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.") (quoting *Russell v. United States*, 369 U.S. 749, 763-64 (1962).

Parts of Mr. Dawan's Motion are effectively requesting more detailed information about the evidence that will be presented by the Government. As noted in my memorandum denying

1

2

Mr. Dawan's co-defendant's motion for a bill of particulars (ECF 74), there has been ample discovery in this case, and I found that Defendants can adequately prepare their defense based on the detailed Indictment and the discovery produced.

    Consequently, the motion is denied.

For the reasons set forth in my Memorandum of this date striking allegations of extortion as to Mr. Islam in Count Eight of the Indictment, such allegations are stricken as to Mr. Dawan as well.

<u>/s/ Gerald Austin McHugh</u>
United States District Judge