# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | No. 2:20-CR-00045-GAM<br><br>Honorable: Gerald Austin McHugh |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of the Government's Motion *in Limine* to Preclude Defendants from Introducing Evidence of or Argument for Jury Nullification and Evidence of Prior Bad Acts (ECF No. 126), and Defendant Dawn Chavous' Response in Opposition, it is **ORDERED** that the Motion is **DENIED**.

_____
Hon. Gerald A. McHugh
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | No. 2:20-CR-00045-GAM<br><br>Honorable: Gerald Austin McHugh |

**DEFENDANT DAWN CHAVOUS' RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF OR ARGUMENT FOR JURY NULLIFICATION AND EVIDENCE OF PRIOR BAD ACTS**

Barry Gross
Elizabeth M. Casey
FAEGRE DRINKER
BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA  19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757

*Attorneys for Defendant Dawn Chavous*

**TABLE OF CONTENTS**

                                                                                                                            **Page**

I.     INTRODUCTION ................................................................................................... 1

II.    ARGUMENT ......................................................................................................... 3

        A.     The Government's Motion Is Premature and Should Be Denied .......................... 3

        B.     The Government's Request to Limit the Evidence of Bias that Ms. Chavous Can Present at Trial Should be Denied .............................................................. 4

        C.     The Government's Request for a Blanket Prohibition on Good Acts Evidence Should Be Denied. ............................................................................................ 5

III.   CONCLUSION ....................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Davis v. Alaska*,
    415 U.S. 308 (1974) ................................................................................................. 4, 5

*Delaware v. Van Arsdall*,
    475 U.S. 673 (1986) ....................................................................................................5

*Frintner v. TruePosition, Inc.*,
    892 F. Supp. 2d 699 (E.D. Pa. 2012) ..........................................................................3

*Kyles v. Whitley*,
    514 U.S. 419 (1995) ....................................................................................................5

*United States v. Chandler*,
    326 F.3d 210 (3d Cir. 2003) ........................................................................................5

*United States v. Green*,
    617 F.3d 233 (3d Cir. 2010) ........................................................................................6

*United States v. Hayes*,
    219 F. App'x 114 (3d Cir. 2007) .................................................................................6

*United States v. John-Baptiste*,
    747 F.3d 186 (3d Cir. 2014) ........................................................................................4

*United States v. Vastola*,
    670 F. Supp. 1244 (D.N.J. 1987) ................................................................................4

**FEDERAL STATUTES**

18 U.S.C. § 1343 ..................................................................................................................1

18 U.S.C. § 1346 ..................................................................................................................1

**RULES**

Local Rule 53.1 ....................................................................................................................2

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. VI .........................................................................................................4

**OTHER AUTHORITIES**

Justice, *Philadelphia City Councilman Kenyatta Johnson and His Wife Indicted in Wide-Ranging Fraud and Bribery Case Also Involving Former Universal Companies Executives* (Jan. 29, 2020), https://www.justice.gov/usao-edpa/pr/philadelphia-city-councilman-kenyatta-johnson-and-his-wife-indicted-wide-ranging-fraud ........................... 2

Defendant Dawn Chavous, by and through her undersigned counsel, hereby responds in opposition to the Government's Motion *in Limine* to Preclude Defendants from Introducing Evidence of or Argument for Jury Nullification and Evidence of Prior Bad Acts (ECF No. 126) and respectfully requests that the Court deny the Motion or dismiss it without prejudice as premature.

## I.  INTRODUCTION

On January 28, 2020, the Government filed a twenty-two count racketeering Indictment against Defendants Abdur Rahim Islam, Shahied Dawan, Councilmember Kenyatta Johnson, and Dawn Chavous. ECF No. 1. The Indictment alleges, *inter alia*, that Mr. Islam and Mr. Dawan committed various racketeering offenses through and against the Universal Companies. The Indictment also alleges that Mr. Islam and Mr. Dawan embezzled income from the Universal Companies. Only two of the counts in the Indictment pertain to Ms. Chavous and her husband, Councilmember Johnson; those are Counts 9 and 10, which charge all four Defendants with honest services wire fraud under 18 U.S.C. §§ 1343 and 1346.

The next day, the Government held a lengthy press conference at which the First Assistant United States Attorney for the Eastern District of Pennsylvania outlined the charges. At that press conference and in a news release issued that day, the Government excoriated the defendants for betraying the public trust and undermining faith in the public officials. While the news release contained a standard disclaimer that "[a]n Indictment is an accusation" and "[a] defendant is presumed innocent until proven guilty[,]" it was rife with incendiary language—including quotes from prosecutors and investigators—that left little doubt that, in the eyes of the government

1

officials bringing these charges, the defendants were guilty until proven innocent.[1]  And although Councilmember Johnson and Ms. Chavous were charged in just two of the twenty-two counts, the Government's release read:  "Philadelphia City Councilman Kenyatta Johnson and His Wife Indicted in Wide-Ranging Fraud and Bribery Case Also Involving Former Universal Companies Executives."

Apparently, the Government believes that only it may comment on criminal charges, while Defendants and their counsel must remain mute in the face of allegations of wrongdoing; indeed, the underlying premise of the Government's Motion is that Councilmember Johnson and Ms. Chavous have improperly spoken out in their own defense.[2]  Not only does that premise demonstrate the Government's inexplicable stance that the rules governing defendants do not apply to them (a position that haunts each of its pre-trial motions), but it is wrong as a matter of law.

Ms. Chavous does not dispute that submitting evidence or argument for the purpose of jury nullification is inappropriate and that introducing evidence or making argument regarding purported good acts that have no relevance to the charges lodged against a defendant is similarly verboten and prohibited by the Federal Rules of Evidence.  That said, the issues raised in the Government's Motion are inappropriate for determination at this stage in the proceedings, as they

---

[1] *See* Department of Justice, *Philadelphia City Councilman Kenyatta Johnson and His Wife Indicted in Wide-Ranging Fraud and Bribery Case Also Involving Former Universal Companies Executives* (Jan. 29, 2020), https://www.justice.gov/usao-edpa/pr/philadelphia-city-councilman-kenyatta-johnson-and-his-wife-indicted-wide-ranging-fraud.

[2] The Government goes so far as to suggest that Ms. Chavous and Councilmember Johnson have violated this Court's Local Rule 53.1.  *See* Gov't Mot. at 2 n.1.  That contention wholly lacks merit.  And, of course, Rule 53.1 applies equally to the prosecution:  if the Government's press conference and news release that effectively treat Defendants' guilt as a foregone conclusion do not violate Rule 53.1, nor do Ms. Chavous and Councilmember Johnson's attempts to publicly defend themselves and express their innocence.

2

require careful consideration of facts and the weighing of evidence that has not been presented to this Court. Indeed, the requested relief is based on speculative considerations of extrajudicial statements that are in no way related to or indicative of the evidence ultimately to be presented to this Court at trial. Further, the Government ignores that there exists no blanket prohibition on introducing evidence, cross-examining witnesses, or making arguments regarding bias in the Government's case. Finally, the Government's attempt to wholly exclude all prior good acts by Ms. Chavous—without considering that evidence of certain good acts may be both relevant and properly admissible in the context of the Government's evidence and argument—is an attempt to usurp the Court's power to weigh the probative value of any such evidence at trial and constitutes an unlawful and inappropriate means of scripting what defense counsel can say in front of the jury before this trial even begins. At this juncture, the Government's Motion seeks a wholly inappropriate means for the determination and attempted curtailing of trial strategy or answering evidentiary challenges and it should therefore be denied.

Accordingly, Ms. Chavous offers the following response.[3]

## II. ARGUMENT

### A. The Government's Motion Is Premature and Should Be Denied.

A motion *in limine* is a proper vehicle for obtaining a court ruling on the admissibility of evidence where the issues presented by the motion are matters of law or where the context in which the evidence would be presented would not inform the Court's decision on admissibility. *See, e.g.*, *Frintner v. TruePosition, Inc.*, 892 F. Supp. 2d 699, 707–08 (E.D. Pa. 2012) (granting motions in limine on the ground that the evidence sought to be presented was inadmissible as a matter of law, but providing that the non-moving party "may request permission to introduce some or all of this

---

[3] Councilmember Johnson writes separately in response to the Government's Motion in Limine to address arguments directed at his public statements and prior good acts.

3

evidence depending on developments at trial and providing she can articulate a viable reason for doing so").

Here, the Government asks the Court to issue rulings barring large swaths of unidentified evidence under the moniker of purported jury nullification or good acts. But such a ruling should not be made outside the context of trial and before the Government has even presented any evidence. Indeed, it "would be unduly speculative to try to resolve them without developing the factual context of the case." *United States v. Vastola*, 670 F. Supp. 1244, 1268 (D.N.J. 1987). Once the Government has begun presenting its case, and in the context of both cross-examination of the Government's witnesses and any affirmative evidence Ms. Chavous herself introduces, the Court can decide the relevancy and admissibility of the issues raised in the present motion.

### B. The Government's Request to Limit the Evidence of Bias that Ms. Chavous Can Present at Trial Should be Denied.

Based solely on Ms. Chavous and her counsel's statements proclaiming her innocence, the Government anticipates that Ms. Chavous will elicit testimony of bias at trial with one goal in mind: jury nullification. That argument is flawed in at least two respects. *First*, as set out above, such relief would be premature because the extrajudicial statements at issue are in no way related to or indicative of the evidence ultimately to be presented to this Court at trial.

*Second*, there exists no blanket prohibition on introducing evidence or cross-examining witnesses or making arguments regarding bias in the Government's case. Rather, it is black letter law that the "Sixth Amendment gives a defendant the right to cross-examine the government's witnesses for possible bias." *United States v. John-Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014) (citing *Davis v. Alaska*, 415 U.S. 308, 316–17 (1974)), *cert. denied*, 134 S. Ct. 2889 (2014). The U.S. Supreme Court has observed that "a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-

4

examination designed to show a prototypical form of bias on the part of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). That Court has likewise instructed that a defendant may introduce evidence or cross-examine witnesses in order to attack "the thoroughness and even the good faith of the [government] investigation." *Kyles v. Whitley*, 514 U.S. 419, 445–46 & n.15 (1995) (a defendant may "attack[ ] the reliability of the investigation," because "indications of conscientious police work will enhance probative force and slovenly work will diminish it"); *see also id.* at 446–51 & n.19 (discussing at length how a defendant may attack the reliability and integrity of a government investigation and investigators).

Thus, to the extent the Government seeks a pre-trial ruling limiting the scope of Ms. Chavous' cross-examination and challenge to the veracity or credibility of Government witnesses or the Government's investigation, its Motion should be denied on the merits. *See generally United States v. Chandler*, 326 F.3d 210, 218–25 (3d Cir. 2003) (discussing at length a criminal defendant's right of confrontation of adverse witnesses and emphasizing a defendant's "constitutional right to probe the 'possible biases, prejudices, or ulterior motives of the witnesses' against her" (quoting *Davis*, 415 U.S. at 316)).

**C.     The Government's Request for a Blanket Prohibition on Good Acts Evidence Should Be Denied.**

The Government's Motion also asks this Court to exclude, as a class, all of Ms. Chavous' prior good acts—without any consideration of what good acts may be or the lawful purposes for which they might be offered. But like its argument regarding jury nullification, the Government puts the cart before the horse and seeks to exclude vague, unspecified facts that have not yet been offered by Ms. Chavous.

Even if the Court is inclined to make a ruling at this point on the merits of the Government's Motion, it should deny it because the Government's position is legally flawed. Evidence of other

5

acts (even so-called "good acts") is clearly admissible under the Federal Rules of Evidence. *See United States v. Hayes*, 219 F. App'x 114, 116 (3d Cir. 2007) ("As is true with bad evidence, evidence of good acts is also admissible for a purpose such as motive, intent, absence of mistake, etc."); *United States v. Green*, 617 F.3d 233, 248–49 (3d Cir. 2010) (determining that other acts evidence, while not intrinsic, was still admissible under a traditional 404(b) analysis). Such evidence, known as "reverse 404(b)," can be relied upon by defendants to "rebut allegations of criminality or criminal intent." *Hayes*, 219 F. App'x at 116.

Given these firmly established principles, there is simply no legal support for a blanket rule excluding evidence at this stage simply because it might include purported good acts by Ms. Chavous. Instead, the admissibility of other act evidence should be evaluated at the proper time: during trial and in the context in which the other act evidence is being offered.

### III. CONCLUSION

For the foregoing reasons, Ms. Chavous respectfully requests that this Court deny the Government's Motion *in Limine* or dismiss it without prejudice as premature and address specific objections from the Government as the case proceeds at trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 18, 2022 | */s/ Barry Gross* <br> Barry Gross <br> Elizabeth M. Casey <br> FAEGRE DRINKER <br> BIDDLE & REATH LLP <br> One Logan Square, Ste. 2000 <br> Philadelphia, PA  19103-6996 <br> Telephone:  (215) 988-2700 <br> Facsimile:  (215) 988-2757 <br><br> *Attorneys for Defendant Dawn Chavous* |

6

## **CERTIFICATE OF SERVICE**

I, Barry Gross, hereby certify that on this day I caused a true and correct copy of the foregoing to be filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the Notice of Electronic Filing system, and the parties to this action may access this filing through CM/ECF.

Dated: January 18, 2022

*/s/ Barry Gros*
Barry Gross
Elizabeth M. Casey
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendant Dawn Chavous*

7