IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | No. 2:20-CR-00045-GAM<br><br>Honorable: Gerald Austin McHugh |

**DEFENDANT DAWN CHAVOUS'S RESPONSE
TO THE GOVERNMENT'S RENEWED MOTION TO UNSEAL**

Barry Gross
Elizabeth M. Casey
FAEGRE DRINKER
BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendant Dawn Chavous*

Dawn Chavous, by and through her undersigned counsel, hereby responds in opposition to the Government's Renewed Motion to Unseal (ECF No. 317) and respectfully requests that the Court enter an Order denying the Government's Motion.[1]

## PRELIMINARY STATEMENT

Despite the Government's insistence that Ms. Chavous and her husband, Councilmember Johnson, seek to litigate the charges against them in secret, Ms. Chavous has no objection to the unsealing of most of the 48 filings cited in the Government's latest submission or any of the four letters referenced therein—a fact counsel would have conveyed to the Government had it so inquired. What should *not* be unsealed, however, are filings related to Ms. Chavous's Motion to Exclude Testimony Regarding a Document Production Issue, as (i) the facts underlying that motion were not discussed during the first trial, (ii) the Government represented that it did not intend to introduce evidence on the issue, which is why the motion was denied as moot, and (iii) this evidence is irrelevant and highly prejudicial, such that unsealing the motion would jeopardize Ms. Chavous's right to a fair and impartial trial. Those considerations were true when the Court sealed the motion in advance of the first trial; they remain true today. For that reason, Ms. Chavous respectfully requests that the Court deny the Government's renewed request, as applied to any filings relating to the document production motion, specifically Ms. Chavous's Motion to Exclude Testimony Regarding a Document Production Issue and the Government's Response to Ms. Chavous's Motion to Exclude Testimony Regarding a Document Production Issue. Moreover, Ms. Chavous submits that the Government has not met its burden to keep its Motion to Restrict the Scope of Cross-Examination under seal.

---

[1] Councilmember Johnson writes separately in response to the portion of the Government's Renewed Motion that relates to his filings.

## BACKGROUND

On January 28, 2020, the Government filed a twenty-two count racketeering Indictment against Defendants Abdur Rahim Islam, Shahied Dawan, Councilmember Kenyatta Johnson, and Dawn Chavous. ECF No. 1. The Indictment alleges, *inter alia*, that Mr. Islam and Mr. Dawan committed various racketeering offenses through and against Universal Companies. Only two of the counts in the Indictment pertain to Ms. Chavous and her husband, Councilmember Johnson; those are Counts 9 and 10, which charge all four Defendants with honest services wire fire under 18 U.S.C. §§ 1343 and 1346.

On January 4, 2022, Ms. Chavous filed three motions *in limine*: one to exclude evidence regarding her financial status, which was granted in part and denied in part; another to preclude the Government from introducing evidence that Ms. Chavous deleted e-mails from her personal account, which was denied; and a third to prohibit the Government from introducing evidence regarding a document production issue, which was denied as moot after the Government represented that it did not intend to introduce such evidence at trial. *See* ECF Nos. 117, 118, 119. Ms. Chavous also moved to seal each motion; each such motion was granted. *See* ECF Nos. 120, 121, 122. That same day, the Court granted Councilmember Johnson's motion to seal one of his respective motions *in limine*, ECF No. 140, and granted a similar motion to seal one of the Government's motions, ECF Nos. 136, 137.

A flurry of sealing and unsealing motions followed, as well as responses and replies thereto. On February 18, 2022, the Court issued an Order resolving nearly all the parties' pretrial motions, including the sealed motions *in limine* and the motions to seal and unseal the sealed motions. ECF No. 200. In that Order, the Court granted "all pending motions to seal" and denied

all motions to unseal, "with the expectation that all entries on the docket except for privileged personal identifiers, will be unsealed at the conclusion of trial." *Id.* at 4.

On March 21, 2022, Counts 9 and 10 were tried to a jury before this Court. During trial (and at pretrial proceedings), the facts underlying two of Ms. Chavous's sealed motions—her motion to exclude information about her finances and her motion to exclude evidence concerning deleted e-mails—were discussed in open court. Consistent with the Government's representations at the pretrial hearing, however, no evidence was presented regarding the document production issue. Thus, the facts underlying that motion have not been discussed on the record. After approximately five weeks, the jury could not reach a unanimous decision on any of the charged counts for any of the defendants and this Court declared a mistrial. The Government has decided to retry all four defendants and trial is slated to begin on September 28, 2022.

In its latest motion, the Government seeks to unseal all filings related to Defendants'—and only Defendants'—sealed pretrial motions, asserting that Ms. Chavous and Councilmember Johnson failed to overcome the presumption of public access that attached to the approximately 48 court filings. ECF No. 317. It also requests that the Court docket four letters sent to Chambers before and during trial via electronic mail.

## ARGUMENT

### I. Filings Related to Ms. Chavous's Motion to Exclude Testimony Regarding a Document Production Issue Should Remain Under Seal.

Ms. Chavous does not dispute that federal courts have repeatedly recognized what is referred to as the common law right of access—*i.e.*, the general right of the public to inspect public records and documents, including those filed by a criminal defendant. *See, e.g.*, *United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018). But it is likewise indisputable that "the right to inspect or copy judicial records is not absolute." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

3

Rather, the presumption of public access to records may be rebutted where "the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019) (quotation marks and citations). Where the material that is sought to be disclosed "is the kind of information that courts will protect" and "disclosure will work a clearly defined and serious injury to the party seeking closure," the presumption is rebutted. *Id*. To that point, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*; *see also* Fed. R. Crim. P. 49.1 ("The court may order that a filing be made under seal without redaction."). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *See Nixon*, 435 U.S. at 599 (citations omitted).

      Here, the Government seeks in advance of re-trial to unseal 48 sealed dockets entries and to publicly docket four letters emailed to the Court from counsel. Ms. Chavous has no objection to the Government's request to unseal filings related to her motion regarding her finances or the motion concerning her deleted emails. Indeed, the Government presented evidence about those issues during the first trial, so any request to keep those filings under seal would make little sense. Nor does Ms. Chavous object to docketing the letters referenced in the Government's latest filing. What should not be unsealed, however, are the filings related to Ms. Chavous's document production motion *in limine*, specifically the motion itself and the Government's response to it. The Court properly sealed that motion and the Government's response in advance of the first trial, as the highly prejudicial nature of the evidence and the high-profile nature of this proceeding outweighed the presumption of access to the filings.

4

As discussed at length in Ms. Chavous's motion *in limine* and response to the Government's initial motion to unseal it, which are incorporated here by reference, the evidence regarding the document production issue is irrelevant and highly prejudicial. Perhaps recognizing as much, the Government represented at the pretrial hearing that it did not intend to introduce such evidence at trial and the motion was denied as moot. No legitimate reason exists for unsealing the motion now, especially given that Ms. Chavous only filed the motion in the first place because the Government repeatedly refused to confirm before the first trial whether it planned to raise the issue.

Critically, Ms. Chavous does not seek to keep sealed information that the Court ultimately deems relevant and admissible. She only asks that—given the highly publicized nature of this proceeding and potential contamination of the jury pool—any irrelevant evidence that has no bearing on this trial remain sealed. The Court appeared to agree with that logic and kept the document production motion and related filings sealed during the first trial. Though the Government frames its request as a natural consequence of the Court's February 18, 2022 Order, which denied all motions to unseal, "with the expectation that all entries on the docket except for privileged personal identifiers, will be unsealed at the conclusion of trial", that Order was issued with the expectation that the jury would reach a verdict and unsealing the entries after trial would not prejudice Defendants. Of course, that's not what occurred, and Defendants face a re-trial in the fall. The same considerations that moved the Court to seal certain filings in the first place therefore still exist.

Finally, the Government contends that Ms. Chavous and Councilmember Johnson's concerns about prejudicing the jury pool are mere pretext (and perhaps even sanctionable) because, after the first trial, defense counsel gave their view of the evidence and broadly stated that their

clients are innocent. That contention is off base. There is a world of difference between a criminal defendant making broad, generalized statements about their innocence and view of the evidence, on the one hand, and the prosecution injecting irrelevant and highly prejudicial information into the public sphere, especially given that the Government doesn't even intend to use the information at trial.

Accordingly, the Document Production Motion and the Government's Response in Opposition to the Motion were properly filed under seal and should remain that way.

## II.     The Government Has Not Met Its Burden to Seal the Motion to Restrict the Scope of Cross-Examination.

The Government likewise filed a motion *in limine* under seal—one to restrict the scope of cross-examination of a Government witness. *See* ECF Nos. 136, 137. The Government's motion to "impound"—which itself was filed under seal—cited no rule or other authority but instead asserted that the Government's motion *in limine* should be kept from the public merely because "no public interest would be served" by its disclosure. *See* ECF No. 137. In its latest submission, the Government contends—for the first time—that it has met its burden to keep the motion *in limine* sealed "because the evidence in question concerns a witness's employee personnel records." ECF No. 317 at 16.

The Government is right on the law: courts generally seal or protect from disclosure ***confidential*** information contained in personnel files where that disclosure would violate an employee's privacy or jeopardize his safety. In *Rosenblit v. City of Philadelphia*, for example, Judge Marston explained that the disclosure of an employee's full personnel file was improper given the confidential nature of the information and the fact that the file contained every major employment decision in the employee's 23-year career, including confidential statements and complaints from third parties. No. 20-cv-3121, 2021 WL 288887, at *6 (E.D. Pa. Jan. 28, 2021).

6

Though litigants certainly have an interest in discovering and accessing relevant information, that interest, Judge Marston observed, does not trump an employee's right to keep confidential information confidential. *Id.* (citing *McKenna v. City of Philadelphia*, No. 98-cv-5835, 2000 WL 1521604, *2 (E.D. Pa. Sept. 29, 2000) ("The interests of the [p]laintiffs with regard to" personnel files, records from the City's Internal Affairs Division, disciplinary records for the parties, and complaints with the Equal Employment Opportunity Commission, "cannot overcome the privacy and safety interests that the [d]efendants and the public have in their confidentiality.")

Ms. Chavous does not dispute that the confidential information in the witness's personnel file should remain confidential. But the misconduct implicating the witness's credibility at the heart of the Government's motion is anything but confidential. To the contrary, as detailed in Ms. Chavous's sealed motion to unseal the Government's motion *in limine*, this witness already publicly testified about the misconduct under oath during a previous trial; the testimony is the subject of a number of public filings from that previous matter; and the misconduct was widely reported in the press.[2] The Government's cases, then, which all address protection of *confidential* employee records, have no applicability here.

For these reasons, as well as those Ms. Chavous submitted in her motion to unseal the Government's motion in limine, the Government has not carried its burden to keep its motion (ECF No. 136) sealed.

---

[2] It warrants mention that the Government repeatedly argues in its Renewed Motion that Ms. Chavous and her husband, Councilmember Johnson, should not be permitted to keep information sealed that has already been made public, either in the first trial or by the press. *See, e.g.*, ECF No. 137 at 12 ("The public, therefore, already knows hat Johnson accepted the Eagles tickets and failed to disclose them, so Johnson's efforts to cover up those facts are moot."); *id.* at 12 n.7 ("[T]he defendants should make those arguments in public, especially since their conduct was already reported on the front page of the second section of the Philadelphia Inquirer.").

## CONCLUSION

For the foregoing reasons, Ms. Chavous respectfully requests that this Court deny the Government's Renewed Motion to Unseal.

                                        Respectfully submitted,

Dated: July 15, 2022　　　　　　　　　　*/s/ Barry Gross*
　　　　　　　　　　　　　　　　　　　　Barry Gross
　　　　　　　　　　　　　　　　　　　　Elizabeth M. Casey
　　　　　　　　　　　　　　　　　　　　FAEGRE DRINKER
　　　　　　　　　　　　　　　　　　　　BIDDLE & REATH LLP
　　　　　　　　　　　　　　　　　　　　One Logan Square, Ste. 2000
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103-6996
　　　　　　　　　　　　　　　　　　　　Telephone: (215) 988-2700
　　　　　　　　　　　　　　　　　　　　Facsimile: (215) 988-2757

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Dawn Chavous*

## CERTIFICATE OF SERVICE

I, Barry Gross, hereby certify that on this day I caused a true and correct copy of the foregoing to be filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the Notice of Electronic Filing system, and the parties to this action may access this filing through CM/ECF.

Dated: July 15, 2022

*/s/ Barry Gross*
Barry Gross
Elizabeth M. Casey
FAEGRE DRINKER
BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendant Dawn Chavous*